Díaz, Plaintiff and Appellant, v. Llompart et al.,
Defendants and Appellees.

Appeal from the District Court of Humacao in an Action
of Nullity, Etc.

No. 2863.—Decided June 19, 1923.

Community Property—Separate Property—Mortgage—Foreclosure—Parties.
—When a married woman forecloses a mortgage which is her separate property her husband need not join her in the proceeding as a party plaintiff.

Id.—Id.—Interest.—Interest accruing on separate property during wedlock is community property, but since it was not shown in this case that the interest was received during wedlock, it can not be held that the foreclosure proceeding involved community property.

The facts are stated in the opinion.

Mr. F. González for the appellant.

Mr. M. Tous Soto for the appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This action was brought under article 175 of the Regulations for the Execution of the Mortgage Law for the annulment of summary foreclosure proceedings instituted in the District Court of Humacao by Antero, Natalio, Andrea and Concepción Llompart y Pereira to recover the principal and interest of a certain debt secured by a mortgage on a property belonging to plaintiff Isolina Díaz y Rodríguez.

On June 14, 1922, the district court rendered judgment dismissing the complaint. The judgment is based on a carefully written opinion which discusses all of the questions raised and contains the following findings of fact:

"1. Juana Borrás y Ginart, the owner of the property described, mortgaged it to Jaime Llompart y Prats to secure the payment of $2,000 which he had lent her, with interest at the agreed rate. The sum of $1,200 was stated as the amount of interest secured to the prejudice of third persons and $100 was added for costs and expenses in case of foreclosure.

"2. Jaime Llompart y Prats died intestate without legitimate or acknowledged illegitimate descendants and his mother, Catalina

Prats de Llompart, alleging that she was his sole ascendant, petitioned the District Court of Humacao to declare her his sole and universal heir, and her petition was granted. Later these defendants Llompart y Pereira brought a declaratory action against the said Catalina Prats for the purpose of being declared acknowledged illegitimate children of Jaime Llompart y Prats, the complaint setting up all facts necessary to show the filiation and the character of natural children of the plaintiffs. Judgment was rendered as prayed for in the complaint and that judgment became final.

"3. By virtue of that judgment and without further notice to Mrs. Llompart the plaintiffs Llompart y Pereira obtained the annulment of the declaration of heirship made in her favor. They were adjudged to be the heirs of Jaime Llompart y Prats and an order was made for the cancelation in the Registry of Property of Caguas of the said mortgage which had been recorded in her name at the instance of Francisco Ramis Borrás, the present husband of plaintiff Isolina Díaz Rodríguez, acting as her attorney in fact.

"4. Proceedings having been instituted to foreclose the said mortgage and the summons having been issued, Isolina Díaz Rodríguez set forth the manner in which the declaration of heirship in favor of the foreclosing creditors, the annulment of the declaration of heirship in the widow's favor and the cancelation of the record had been obtained, whereupon the order was set aside by the district court that had entered it and this order was affirmed by the Supreme Court of Porto Rico. Then the Llompart Pereiras brought in this court a declaratory action against Cata lina Prats de Llompart in order to amplify the previous judgment of filiation by adding a declaration that their conception and birth had been accompanied by the conditions required by the law in force at that time for vesting the children with the character of natural children, and also to set aside the declaration of heir of Jaime Llompart y Prats made in favor of his mother, to declare that the plaintiffs were the sole heirs of Jaime Llompart y Prats, to order the cancelation of any record made in the registry of property in the name of Catalina Prats de Llompart by virtue of inheritance from her son, and especially the transfer of the said mortgage.

"5. In that declaratory action judgment was rendered, the defendant defaulting, for the plaintiffs according to the prayer of the complaint, and notice of the judgment was given to Catalina

Prats de Llompart by sending to her by registered mail a copy thereof to the address appearing in the return to the summons, and the judgment having become final an order was issued to the Registrar of Property of Caguas for the cancelation of the records as ordered.

"6. A new petition for declaration of heirship was made by the Llompart-Pereiras who again obtained a declaration as the sole heirs of Jaime Llompart y Prats, and in the registry of property both the said cancelation and also the record of the mortgage by title of inheritance were recorded in the names of the children of the said ancestor.

"7. While the declaratory action was pending the Llompart-Pereiras assigned the mortgage to Ramón Donis Figueroa and the money paid by him remained in the possession of Antero Llompart y Pereira, no part of it coming into the hands of Concepción Llompart y Pereira, the wife of Victorio Milán; and the said assign-ment was afterwards set aside under a contract of rescission, the object of which was that the Llompart-Pereiras should again become the owners of the mortgage, returning to Donis Figueroa the same amount of money received from him, which was actually returned by the said Antero Llompart y Pereira personally.

"8. At this stage the foreclosure proceedings sought to be an-nulled were instituted, exhibiting with the original petition, which has not been attacked, the following documents: (a) The mortgage deed, (b) the declaration of heirs of Jaime Llompart y Pereira in favor of the foreclosing parties, (c) the deed of assignment by them to Ramón Donis Figueroa, (d) the deed of rescission of such assignment, (e) the writ issued to the Registrar of Property of Caguas for the cancelation of the record of the mortgage in the name of Catalina Prats widow of Llompart, and (f) a certificate from the Registry of Property of Caguas showing that the record of the mortgage was not canceled nor pending cancelation, contain-ing a literal transcript of all the records of transfer of the mort-gage and of the ownership of the property from the creation of the mortgage to the last transfer according to the registry and to the facts, including the entries canceled and the entries of cancel-lation, that is, containing a literal transcript of all entries made in the registry in connection with the mortgage.

"9. The summons having been issued, Isolina Díaz Rodríguez moved that the proceeding be restored to its primitive state, which

was refused. From this order she appealed to the Supreme Court and the appeal was dismissed.

"10. An order of sale was made and executed and the property was sold at auction to the plaintiffs, subject to a first mortgage."

The plaintiff appealed to this court, assigning in her brief several errors. Notwithstanding the fact that the errors were not assigned in accordance with our Rules, we have examined them and in our opinion they were not committed by the trial court. The only doubtful question is whether or not the mortgage foreclosed, in so far as it refers to defendant Concepción Llompart, was community property.

The foreclosure proceeding was brought by Concepción while married, together with her brothers and sisters. The husband did not join and it is maintained now that for this reason the proceedings are void. We know the findings of the court and from them it appears that the property was not community but separate property. The appellant has not shown that the court erred manifestly in weighing the evidence.

The appellant further alleges in her brief the following:

"Admitting hypothetically that the condominium in the mortgage was the separate property of the wife, it would be such as regards the principal, but in no manner as to the interest accrued thereon after the date of the marriage of the spouses Milano-Llompart, in accordance with subdivision 3 of section 1316 of the Civil Code, which provides that the following, among others that need not be mentioned here, are community property: 'The fruits, income, or interest collected or accrued during the marriage, coming from the partnership property, or from that which belongs to either one of the spouses.'

Therefore, it having been ordered in the foreclosure proceedings No. 8046 that not only the principal of the mortgage but also the $1,200 for interest be paid, that part of the interest accruing during the wedlock of the spouses Milano-Llompart, as to a condominium of one-fourth, is community property, and to recover it the husband instead of the wife should have been the plaintiff."

It does not appear that this question was raised in the court below and whatever importance it might have had disappears upon considering that only a part of the interest accrued was recovered, or that secured by the mortgage, and that as the date of Concepción's marriage does not appear, there is no firm basis for stating that interest belonging to the community was recovered.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey and Franco Soto concurred.
Mr. Justice Wolf concurred in the judgment.
Mr. Justice Hutchison dissented.